IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUGLAS TUGG,                          )      Civil No. 07-1112-JE
                                       )
                    Plaintiff,         )
                                       )      ORDER
              v.                       )
                                       )
COMMISSIONER OF SOCIAL SECURITY        )
ADMINISTRATION, THE SOCIAL SECURITY    )
ADMINISTRATION,                        )
                                       )
                    Defendants.        )
_____)

JELDERKS, Magistrate Judge:

        Plaintiff Cynthia Conley asserts three counts in her complaint

in this action brought against the Commissioner of Social Security

(the Commissioner) and the Social Security Administration (the

agency).  The first count is the kind of challenge to a final

decision of the Commissioner denying her applications for social

security benefits that is ordinarily raised in actions such as this.

The second count asserts a Freedom of Information Act (FOIA) claim

under 5 U.S.C. § 553, and the third count asserts a claim under the

ORDER - 1

Fifth and Ninth Amendments to the United States Constitution
challenging the agency's reliance on Vocational Expert testimony at
the fifth step of the disability evaluation process.

The Commissioner moves to dismiss counts two and three
pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and 12(c). The
Commissioner contends that this court lacks subject matter
jurisdiction over the FOIA claim because plaintiff has not exhausted
her administrative remedies and no relevant records have been
withheld, and that count three fails to state a colorable
Constitutional claim.

I agree. Plaintiff's counsel has raised the claims asserted
in counts two and three in several other actions brought against the
Commissioner and the agency in this court. Based upon my review of
the Commissioner's arguments here[1], the parties' arguments
concerning these claims in other similar actions, and decisions by
other judges in this court granting the Commissioner's motions to
dismiss these counts in other actions, I conclude that dismissal is
appropriate. The issues raised by plaintiff's FOIA and
Constitutional claims were addressed at length by the Honorable Ann
Aiken in a decision granting the Commissioner's motion to dismiss.
Romans v. Astrue, CV No. 06-1331-AA (Slip Op. D. Or. May 16, 2007).
Other Judges in this district have uniformly agreed with that
decision in granting motions to dismiss the claims at issue here.
See D'Annibale v Astrue, CV No. 06-1202-ST (#s 34, 41); Cooley v.
Astrue, CV No. 06-1332-KI (# 33); Jaynes v. Astrue, CV No.

---

[1]Plaintiff has not filed a response to the motion to dismiss in
this action.

ORDER - 2

06-1771-KI (# 28); <u>Ellis v. Astrue</u>, CV No. 07-0209-MO (# 23); <u>Randall v. Astrue</u>, CV No. 07-0037-BR (# 26); <u>Howard v. Astrue</u>, CV No. 07-0365-PK (# 18); and <u>Couch v. Astrue</u>, CV No. 07-575-TC (# 13).

The reasoning set out in Judge Aiken's decision is applicable here, and dismissal of counts two and three is appropriate. Plaintiff has failed to exhaust her administrative FOIA remedies, and has failed to assert a colorable constitutional claim.

## CONCLUSION

Defendants' motion to dismiss counts two and three (# 11) is GRANTED.

DATED this 12th day of February, 2008.

_____
John Jelderks
U.S. Magistrate Judge

ORDER - 3